1  JEFFREY D. WOHL  (Cal. State Bar No. 096838)
   ZINA DELDAR  (Cal. State Bar No. 282637)
2  JANA B. FITZGERALD  (Cal. State Bar No. 314085)
   PAUL HASTINGS LLP
3  101 California Street, 48th Floor
   San Francisco, California  94111
4  Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
5  jeffwohl@paulhastings.com
   zinadeldar@paulhastings.com
6  janafitzgerald@paulhastings.com

7  Attorneys for Defendants
   Centerplate, Inc., and Centerplate of Delaware, Inc.
8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12 | RENEE MARQUEZ, on behalf of herself and on behalf of a Class of all other persons similarly situated, | No. _____
13 |                                                      | **DEFENDANTS' NOTICE OF REMOVAL**
14 |                Plaintiff,                            | San Francisco Superior Court
                                                          | No. CGC-18-567402
15 |        vs.                                           |
16 | CENTERPLATE, INC., a Delaware corporation; CENTERPLATE OF DELAWARE, INC., a Delaware corporation; and DOES 1 through 100, inclusive, |
17 |
18 |                Defendants.                           |

To the Clerk of the Court, plaintiff Renee Marquez and plaintiff's attorneys of record:

PLEASE TAKE NOTICE that defendants Centerplate, Inc., and Centerplate of Delaware, Inc., hereby remove this action from the Superior Court of California in and for the City and County of San Francisco (the "Superior Court") to this Court, based on (i) federal question jurisdiction under 28 U.S.C. section 1441(a) and supplemental jurisdiction under 28 U.S.C. section 1367(a); and (ii) diversity of citizenship jurisdiction under 28 U.S.C. section 1332 (as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 4(a), 119 Stat. 9).  In support of removal, defendants allege as follows:

1. On June 19, 2018, plaintiff commenced a civil action in the Superior Court entitled "*Renee Marquez, on behalf of herself and on behalf of a Class of all other persons similarly situated vs. Centerplate, Inc.; Centerplate of Delaware, Inc. and Does 1 through 100, inclusive, Defendants,*" No. CGC-18-567402, (the "Action").  A true and correct copy of plaintiff's complaint filed in the Action (the "Complaint") is attached as Exhibit A to this notice.  The allegations in the Complaint are incorporated into this notice by reference without admitting the truth of any of them.

2. The Complaint asserts nine causes of action (1) under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 203, 206, 207, failure to pay wages; and under California state law for (2) failure to pay wages for hours worked; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to provide and maintain uniforms and equipment; (6) failure to furnish accurate itemized statements; (7) failure to pay wages twice in a calendar month; (8) failure to pay wages on termination of employment; and (9) unfair competition and unfair business practices in violation of California Business and Professions Code section 17200 *et seq*.  Plaintiff purports to bring these claims on behalf of herself and a class of "[a]ll persons who are employed or have been employed by Defendants in the State of California who, during any time from four years prior to the filing of this class action to the present, have worked as non-exempt employees" ("Class Period").  (Cmplt., ¶ 22.)  Plaintiff also purports to represent seven subclasses: (1) the "Wage Payment Subclass"; (2) the "Meal Break Subclass"; (3) the "Rest Period Subclass"; (4) the "Expense Reimbursement Subclass"; (5) the "Paystub Subclass"; (6) the "Termination Pay Subclass"; and (7) the "B&P Code § 17200 Subclass."  (*Id.*)  The Complaint alleges that plaintiff, the class and the subclasses shared "assigned responsibilities including

catering to crowds at various stadiums and at various sporting events in the State of California and: (1) shared similar job duties and responsibilities (2) was subjected to the same policies and practices (3) endured similar violations at the hands of Defendants as the other Class Members who served in similar and related positions." (*Id.*, ¶ 5.)

3. Plaintiff further alleges: "At all times relevant hereto, from time to time, the Class Members have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Defendants." (Cmplt., ¶ 103.)

4. On December 5, 2018, defendants accepted service of the summons and the Complaint.

5. On January 2, 2019, defendants served and filed their answer to the Complaint, a true and correct copy of which is attached as Exhibit B to this notice.

6. Attached as Exhibit C to this notice are copies of all papers received or served by defendants in the Action in addition to the Complaint and the answer to the Complaint.

7. This notice of removal is effected properly and timely pursuant to 28 U.S.C. section 1446(b)(1), as it is filed within 30 days after service of the summons and the Complaint. *See* 28 U.S.C. § 1446(b).

8. Notice of this removal will be given promptly to plaintiff and the Superior Court pursuant to 28 U.S.C. section 1446(d).

9. Venue of this Action exists in this District pursuant to 28 U.S.C. section 1441(a) because the Superior Court is located within this District.

**Federal Question Jurisdiction under 28 U.S.C. § 1331**

10. This Action is removed to this Court under 28 U.S.C. section 1331, which gives original jurisdiction to district courts for "all civil actions arising under the Constitution, laws, or treaties of the United States." *See also* 29 U.S.C. § 216(b) (providing that "[a]n action to recover the liability [under Section 206 or 207] may be maintained against any employer ... in any Federal [court] ... of competent jurisdiction by any one or more employees . . .").

11. Here, plaintiff's first cause of action for alleged failure to pay wages is brought under, and is based entirely on alleged violations of, the FLSA. In the Complaint, plaintiff alleges, *inter alia*, that she and class members performed off-the-clock work, worked more than forty hours per week, and

did not receive minimum wages or overtime compensation as required by the FLSA, 29 U.S.C. §§ 206, 207. (Cmplt. ¶¶ 37, 39.) The Complaint also includes allegations that defendants failed to "record, report, and/or preserve records of all hours worked by Plaintiff and the FLSA collective employees, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq*." (*Id.*, ¶ 41.)

12. Accordingly, defendants may remove this action because it arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441.

**Supplemental Jurisdiction**

13. In an action where "the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Because federal-question jurisdiction exists as a result of plaintiff's FLSA claim, this Court also has supplemental jurisdiction over plaintiff's other claims arising under state law for alleged state-law violations related in part to the FLSA claim.

14. Under section 1367, state and federal claims will be considered "so related" as to form the same case where they share a "common nucleus of operative fact." *Silverman v. Smithkline Beecham Corp.*, No. CV 06-7272 DSF (CTx), 2007 U.S. Dist. LEXIS 80035, at *7 (N.D. Cal. Oct. 15, 2017) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). Claims are "so related" where plaintiff "would ordinarily be expected to try [the federal and state claims] all in one judicial proceeding, ..." *Gibbs*, 383 U.S. at 725.

15. Although a plaintiff may seek multiple theories of recovery, allegations of violations under the FLSA and state law may indeed "arise out of a cohesive narrative" concerning a defendant's conduct towards plaintiff "in [her] capacity as an employee and, specifically, defendant's allegedly inadequate compensation of plaintiff for [her] work ..." *Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 U.S. Dist. LEXIS 110847, at *12 (N.D. Cal. July 17, 2017). As a result, these claims should be tried "in the same proceeding," because their "cohesive narrative" would require a similar factual analysis. *Id.*

16. In this Action, apart from the FLSA claim, plaintiff alleges multiple state law claims for failure to pay wages (Cal. Lab. Code §§ 558, 1194, 1197, 1197.1); failure to provide meal periods (*id.*,

- 3 -

§§ 226.7, 512); failure to provide rest periods (*id.*, §§ 226.7, 512); failure to provide and maintain uniforms and equipment (*id.*, §§ 2800-2802); failure to furnish accurate itemized statements (*id.*, § 226); failure to pay wages twice in a calendar month (*id.*, § 204); failure to pay wages on termination of employment (*id.*, §§ 201-203); and for unlawful competition and unfair business practices (Cal. Bus & Prof. Code § 17200 *et seq.*).

17. These state-law claims all arise from the "cohesive narrative" of the Complaint: that defendants failed to pay plaintiff (and Class Members) for all hours worked. (*See, e.g.*, Cmplt., ¶¶ 9-21.)

18. Because plaintiff's claims under the FLSA and state law share a "common nucleus of fact" such that there is a "cohesive narrative" as to her allegations, this Court has supplemental jurisdiction over her state law claims. *Swamy*, 2017 U.S. Dist. LEXIS at *11-12.

### Diversity of Citizenship Jurisdiction under CAFA

19. This Court also has jurisdiction over this Action under the rules of diversity of citizenship jurisdiction, as amended by CAFA.

20. CAFA amended 28 U.S.C. section 1332 to provide that a class action may be removed to federal court if (a) the proposed class members number at least 100; (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (c) any member of a class of plaintiffs is a citizen of a state different from any defendant. Pub. L. No. 109-2, § 4(a), 119 Stat. 9. Each of these requirements is met here.

### The Complaint Asserts a Class Action

21. Under CAFA, a class action is defined as "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). In the Complaint, plaintiff asserts that she is bringing this action on behalf of "all non-exempt employees employed by, or formerly employed by" defendants. (Cmplt, ¶ 1.) The Complaint defines a proposed class (*id.*, ¶ 22), as well as seven proposed subclasses, (*id.*) and states the requirements for bringing a class action. (*Id.*, ¶¶ 25-32.) Accordingly, the Action is a class action.

### The Citizenship of the Parties Is Diverse

22. Defendants are informed and believe that, at the time this Action was commenced,

- 4 -

1  plaintiff was a citizen of the State of California within the meaning of 28 U.S.C. section 1332(a). (Cmplt., ¶ 5: "Plaintiff Renee Marquez is a resident of California.")  For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is considered to be the place where she resides, where she intends to remain, or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

23.  Defendants are now, and were at the time the Action was commenced, citizens of a state other than the State of California within the meaning of 28 U.S.C. section 1332(c)(1).  Defendant Centerplate, Inc., is now, and was as of June 19, 2018, incorporated under the laws of the State of Delaware with its principal place of business in Stamford, Connecticut. (Declaration of David M. Winarski in Support of Defendants' Notice of Removal ["Winarski Decl."], ¶ 3.)  Defendant Centerplate of Delaware, Inc., an affiliate of defendant Centerplate, Inc., is now, and was as of June 19, 2018, incorporated under the laws of the State of Delaware with its principal place of business in Stamford, Connecticut. (*Id.*, ¶ 4.)

24.  Defendants are the only named defendants named in this Action.  The presence of Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded.").  Accordingly, no named defendant is a citizen of California, in which state the Action was filed, and there is complete diversity of citizenship between the parties.

**The Proposed Class Members Number at Least 100**

25.  In the Complaint, plaintiff defines her proposed class as "[a]ll persons who are employed or have been employed by Defendants in the State of California who, during any time from four years prior to the filing of this class action to the present, have worked as non-exempt employees," as well as seven subclasses. (Cmplt., ¶ 22.)  The Complaint asserts that "[t]he potential members of each Class as defined are so numerous that joinder of all the members of the Class is impracticable," and "there are at least several hundred Class Members, and possibly several thousand." (*Id.*, ¶ 25.)  On the face of the Complaint, the proposed class members number over 100 individuals.

26.  Moreover, with reference to employee data of current and former employees that they

- 5 -

1  maintain in the regular course of their business, defendants generated a list of all non-exempt employees
2  who were employed at one of their locations in California between June 19, 2014 (the start of the four-
3  year limitations period invoked by plaintiff), and December 7, 2018. (Winarski Decl., ¶ 6.) During that
4  timeframe, there were at least 9,853 non-exempt employees working, or who had worked, for defendants
5  in California. (*Id.*) Accordingly, the requirement that the proposed class members number at least 100
6  is satisfied.

### The Amount in Controversy Exceeds $5,000,000

8  27.   A notice of removal should be accompanied by "a plausible allegation that the amount in
9  controversy exceeds the jurisdictional threshold," which is to be accepted unless challenged by plaintiff
10 or the court. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549-50 (2014). In the
11 event that a defendant seeking removal is challenged as to whether the amount in controversy actually
12 exceeds $5,000,000, CAFA provides for a preponderance of the evidence standard. *Rodriguez v. AT&T*
13 *Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); 28 U.S. Code § 1446(c)(2)(B) ("[R]emoval of
14 the action is proper on the basis of the amount in controversy … if the district finds, by the
15 preponderance of the evidence, that the amount in controversy exceeds the amount specified in section
16 1332(a).").

17 28.   To meet this standard, a defendant must show that the alleged amount is "more likely
18 than not" to satisfy the minimum required under CAFA. *See Abrego Abrego v. Dow Chem. Co.*, 443
19 F.3d 676, 683 (9th Cir. 2006) (internal citations omitted).

20 29.   Here, the amount in controversy for plaintiff's claim for waiting-time penalties under
21 California Labor Code section 203 alone exceeds the jurisdictional threshold of $5 million, even if the
22 value of the other claims are disregarded. To calculate the potential penalties arising from the section
23 203 cause of action, the data retrieved by defendants included information on each putative class
24 member's date of hire, date of termination, and rate of pay at termination for each of the 9,853 non-
25 exempt employees working for defendants in California during the limitations period. (Winarski Decl.,
26 ¶ 6.)

27 30.   Using this data, defendants' labor economist, Dr. Paul F. White, calculated the penalties
28 placed at issue by plaintiff's waiting-time allegations in the Complaint as follows: Plaintiff and the class

1  (and subclasses) seek 30 days of wages for each class member whose employment terminated during the Class Period.  (*See* Cmplt., ¶ 100.)  Under California Labor Code section 203, if an employer willfully fails to timely pay an employee all wages due at the end of his or her employment, the employee's wages continue for up to 30 days after termination of employment.  Cal. Lab. Code § 203(a).  The Complaint alleges that defendants did not pay all earned wages at the time of termination.  (Cmplt., ¶¶ 98, 99.)  A three-year limitations period applies to a claim for waiting-time penalties.  *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010).

31.   Based on the data provided by defendants, 6,162 non-exempt employees terminated from defendants from June 19, 2015, to December 7, 2018.  (Declaration of Paul F. White, Ph.D. in Support of Defendants' Notice of Removal ["White Decl."], ¶¶ 4-5.)  Based on their hourly rate at termination, the total of amount of waiting-time penalties plaintiff and the class members seek is $22,522,922, well in excess of the $5 million amount-in-controversy requirement under CAFA.  (*Id.*, ¶ 5b.)

32.   If the amount placed in controversy by plaintiff's other claims were included, the CAFA minimum would be even further exceeded.

33.   Based on the foregoing, all requirements under 28 U.S.C. sections 1332, 1441(a), and 1367(a) have been satisfied.  As a result, the Action may be removed to this Court on the grounds of federal-question jurisdiction, supplemental jurisdiction and CAFA.

Dated:  January 3, 2019.

JEFFREY D. WOHL
ZINA DELDAR
JANA B. FITZGERALD
PAUL HASTINGS LLP


By:   */s/ Jeffrey D. Wohl*
Jeffrey D. Wohl
Attorneys for Defendants Centerplate, Inc.,
Centerplate of Delaware, Inc.